UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 11-21468-CIV-GRAHAM/GOODMAN**

MICHAEL JOSEPH,

    Plaintiff,

vs.

JANET NAPOLITANO., Secretary,
U.S. Department of Homeland Security,

    Defendant.
_____/

## ORDER

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Request for Back Pay and Front Pay. [D.E. 38]. Based on the parties' consent, U.S. District Judge Donald L. Graham referred this case to the Undersigned for all pre-trial proceedings. [D.E. 17-1, 18]. The Court has reviewed the motion and the case-file and is otherwise duly advised in the premises.

Federal Rule of Civil Procedure 12(f) provides that:

**Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Motions to strike are viewed with disfavor and are infrequently granted because the arguments raised therein can typically be presented more concisely

and efficiently in other contexts. *See Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty., Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981).

In its motion, the Secretary seeks to strike the Plaintiff's request for front pay and back pay because the Plaintiff "has produced no evidence that he even looked for employment" as required by the applicable law that requires Title VII plaintiffs to mitigate damages. [DE 38, at 4]. A failure to present evidence to substantiate a claim is not one of the grounds for striking a pleading enumerated in Rule 12(f). Rather, such arguments are to be raised in a motion for summary judgment under Rule 56. In this case, however, the Secretary has already filed a motion for summary judgment, which is currently pending and is not yet ripe for adjudication. [DE 37]. To permit this motion to proceed would therefore circumvent the local rules' prohibition on filing multiple motions for summary judgment. *See* Local Rule, S.D. Fla. 7.1(c)(2); *Jeffrey O. v. City of Boca Raton*, 511 F. Supp. 2d 1328, 1338 (S.D. Fla. 2007) ("the local rules expressly prohibit the filing of multiple motions for summary judgment").

In addition, the motion to strike does not indicate that the Secretary engaged in a reasonable pre-filing conference with the Plaintiff, which is also a basis for denying the requested relief. *See* Local Rule, S.D. Fla. 7.1(a)(3) ("Failure to comply with the requirements of this Local Rule [by making reasonable efforts to confer with all parties who may be affected by the relief sought in the motion] may be cause for the Court to grant or deny the motion . . .").

Defendant's motion to strike [DE 38] is **denied without prejudice** to the Defendant's ability to raise these arguments at trial.

**DONE AND ORDERED** in Chambers, at Miami, Florida, January 30, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record