UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-21468-CIV-GRAHAM/GOODMAN

MICHAEL JOSEPH,

    Plaintiff,

vs.

JANET NAPOLITANO, Secretary,
U.S. Department of Homeland Security,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

This Cause is before the Court on Plaintiff, Michael Joseph ("Joseph's"), Motion to Alter or Amend Judgment (the "Motion"). [ECF No. 59]. Joseph requests the Court to alter or amend the Order [ECF No. 54] granting Defendant, Janet Napolitano (the "Secretary's"), Motion for Summary Judgment [ECF No. 37]. After filing the Motion, Joseph filed another motion to reassign the case to the District Court. [ECF No. 62]. The Secretary submitted an opposition memorandum in response [ECF No. 63] and Joseph submitted a reply memorandum [ECF No. 64]. The District Court denied Joseph's motion to reassign the case [ECF No. 62], noting that Joseph previously consented to magistrate judge jurisdiction and concluding that the instant Motion [ECF No. 59] was not properly directed to the District Court. [ECF No. 65].

Concerning the merits of the Rule 59 Motion, the Secretary filed her Response to the Motion (the "Response") [ECF No. 63], and Joseph filed his Reply to the Response (the "Reply") [ECF No. 64]. The Court has reviewed the Motion, the Response, the Reply, and the pertinent portions of the record. For the reasons stated below, the Court **DENIES** the Motion.

I.    INTRODUCTION[1]

The Court granted summary judgment to the Secretary on Joseph's myriad employment discrimination and retaliation claims arising from his internship with the United States Citizenship and Immigration Service ("USCIS") under the Student Career Experience Program ("SCEP"). Pursuant to Fed. R. Civ. P. 59, Joseph filed the Motion requesting the Court to alter or amend the summary judgment order on two grounds. First, Joseph argues that he established a *prima facie* case of discrimination based upon disparate treatment. [ECF No. 59, pp. 2-3]. Second, Joseph claims that the Court misapprehended the law regarding temporal proximity in retaliation claims and that the Undersigned was bound by the District Court's earlier order denying the Secretary's motion to dismiss. [*Id.* at pp. 4-9].

---

[1]    The factual background regarding this matter can be found in the Court's Summary Judgment Order. *See* [ECF No. 54]; *see also Joseph v. Napolitano*, 839 F. Supp. 2d 1324 (S.D. Fla. 2012).

2

## II. STANDARD OF REVIEW

The Eleventh Circuit has recognized that the only two[3] "grounds for granting [a Rule 59] motion are [1] newly-discovered evidence or [2] manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)). The law is clear that Joseph cannot use his "Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Stated another way, "[r]econsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempur-Pedic Int'l Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Finally, the denial of a Rule 59 motion is within the discretion of the Court and is reviewed for abuse of discretion on appeal. *Arthur,* 500 F.3d at 1343.

---

[3] Courts in this District have recognized the following *three* grounds for granting a Rule 59 motion: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002); *see also Osorio v. Dole Food Co.*, No. 07-22693, 2010 WL 571806, at *2 (S.D. Fla. Feb. 12, 2010). The Undersigned notes that the Eleventh Circuit has recognized these grounds as exceptions to the law of the case doctrine. *See, e.g., Oliver v. Orange Cnty., Fla.*, 456 F. App'x 815, 818 (11th Cir. 2012) ("Moreover, there are exceptions to the law of the case doctrine, namely, where the defendant can show either (1) new evidence; (2) an intervening change in the law that dictates a different result; or (3) that the prior decision was clearly erroneous and would result in manifest injustice.") (citing *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir. 1985)).

### III. ANALYSIS

As outlined above, Joseph makes two arguments in support of his Motion. The Court will examine each argument below. However, as a threshold matter, the Court points out that Joseph does nothing more than "ask the [Court] to reexamine an unfavorable ruling." Such motions are not within the ambit of Rule 59 and are properly denied. *See Jacobs*, 626 F.3d at 1344. Accordingly, the Motion is denied on procedural grounds, as it is improper under Rule 59. But, as discussed below, the Court is also denying the Motion on the merits.

#### A. <u>Establishing a *Prima Facie* Case of Disparate Treatment Discrimination</u>

Disparate treatment claims of intentional discrimination under Title VII may be proven using circumstantial evidence under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Burke-Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). To establish a prima facie case of disparate treatment, Joseph must show: (1) that he was a member of a protected class; (2) that he was qualified for the job; (3) that he suffered an adverse employment action; and (4) that he was replaced by someone outside the relevant protected class. *Hinson v. Clinch Cnty., Ga. Bd. of Educ.*, 231 F.3d 821, 828 (11th Cir. 2000).

If Joseph establishes these elements, then the burden shifts to the Secretary to produce "legitimate, non-discriminatory reasons for its employment action." *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997) (citing *Texas Dep't of Cmty. Affairs v. Burdine*,

4

450 U.S. 248 (1981)). If such a reason is produced, then the burden shifts back to Joseph to show that intentional discrimination motivated the Secretary or that the legitimate reason offered is merely a pretext for prohibited discrimination. *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002); *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000).

The thrust of Joseph's argument is that he demonstrated a *prima facie* case of discrimination because he was the only SCEP participant who was not converted to a full time position with the USCIS. [ECF No. 59, p. 3]. Joseph misses the point. Here, the Secretary has produced a legitimate non-discriminatory reason for not converting Joseph: there was an overhire status in the USCIS's Miami District (where Joseph would have been converted) and, as a result, **no** SCEP student was converted in the summer of 2010.[4] [ECF No. 37-2, pp. 140, 187, 189]. Thus, under the *McDonnell Douglas* framework, the Secretary has met her burden and the burden shifts back to Joseph to show that the Secretary's reason is a pretext for unlawful discrimination. At no point does Joseph even address, let alone rebut, the Secretary's reason for not converting Joseph.

For example, Joseph's two main witnesses, Maria Arana and Elaine Broughton, confirmed that no SCEP student was converted at the time Joseph could have been

---

[4]     The Secretary also showed that Joseph lost his eligibility to continue in SCEP because he was no longer a student, a fact Joseph does not contest. [ECF No. 54, p. 22].

5

converted.[5] [ECF No. 52-1, pp. 29-30, 35]. Moreover, Elaine Broughton confirmed that the Miami District was overstaffed at the time Joseph could have been converted. [ECF No. 37-2, pp. 211-212]. Thus, contrary to his unfounded assertions, Joseph was not the only SCEP student not converted — no SCEP student was converted. As a result, Joseph has failed to fulfill his burden under the *McDonnell Douglas* framework and Joseph's argument is rejected.

### B. Temporal Proximity in Retaliation Claims

Joseph argues that the Court misapprehended the law regarding temporal proximity in retaliation claims in two ways. First, Joseph argues that the Court simply misunderstood the Eleventh Circuit's precedent regarding temporal proximity. [ECF No. 59, pp. 4-7]. Second, Joseph argues that the District Court's denial of the Secretary's motion to dismiss on temporal proximity constituted the law of the case and, thus, the Undersigned could not grant summary judgment on this issue. [*Id.* at pp. 7-8].

#### 1. *The Law Regarding Temporal Proximity in Retaliation Claims*

To establish a *prima facie* case of retaliation, an employee must show that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there was some causal relationship or connection between the two

---

[5] Joseph's attempt to attack the USCIS's decision not to convert him by contending that Yasir Navarrete, a person outside of Joseph's class, undertook his duties is without merit. Mr. Navarrete, unlike Joseph, was an existing USCIS employee, not a SCEP student, and thus not limited by the overhire status which only applied to new employees, not to existing employees.

events. *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997). To prove the causal relationship element, "a plaintiff merely has to prove that the protected activity and the . . . [adverse] action are not completely unrelated." *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998) (internal citations and quotation marks omitted). A plaintiff satisfies the causal relationship element "if he provides sufficient evidence of knowledge of the protected expression and that there was a close temporal proximity between this awareness and the adverse ... action." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (internal citations and quotation marks omitted). The temporal proximity must be very close. *Id.* The Eleventh Circuit has held that a period of one month qualifies as close temporal proximity but that a period of three months does not. *Id.*

In his Motion and Reply, Joseph argues that there was a "continuum of predicate acts of retaliation . . . just a *few months* after his initial statement of protected activity." [ECF No. 64, p. 3 (emphasis added)]. Joseph believes that this "continuum of predicate acts" supports an inference of retaliation. The sole email Joseph relies on to prove his retaliation claim was sent in December 2009 — approximately **three months after** Joseph made his first discrimination charge (i.e., his protected activity). [ECF No. 54, p. 22]. Moreover, Joseph's participation in SCEP was not actually terminated until August 2010, eight months later. Further, as shown above, the record is clear that Joseph was not converted (the adverse action) because no vacancies were available (a fact Joseph

7

does not rebut). Joseph points to no other evidence showing causation between his non-conversion and his protected activity.

As the Eleventh Circuit has stated, "[i]f there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." *Higdon*, 393 F.3d at 1220. The law is clear that the delay, absent other evidence, between the adverse action and the protected activity must be less than three months. *See id.*; *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006); *Boyland v. Corrs. Corp. of Am.*, 390 F. App'x 973, 974-975 (11th Cir. 2010). Because Joseph has presented no other evidence, the delay between the purported "acts of retaliation," i.e., his non-conversion to a full time position, and Joseph's protected activity is simply too long under the Eleventh Circuit's precedent, and the Court rejects his argument.

> 2. *The District Court's Ruling on a Motion to Dismiss is Not The Law of The Case*

Joseph misconstrues the law of the case doctrine. Under the law of the case doctrine, "an issue decided at one stage of a case is binding at later stages of the same case." *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288-89 (11th Cir. 2009) (internal citations and quotation marks omitted). Notably, the "law of the case applies **only where there has been a final judgment**." *Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir. 1991) (internal citations and quotation marks omitted, and emphasis added). "[T]he district court's denial of the government's initial motion to dismiss [is]

8

not a final judgment." *Id.* As a result, "a court may reconsider its motion to dismiss ruling when considering a motion for summary judgment." *Key W. Harbor Dev. Corp. v. City of Key W., Fla.*, No. 90-10027-CIV-KING, 1991 WL 496886, at *4 (S.D. Fla. Dec. 16, 1991) (citing *Vintilla,* 931 F.2d at 1444).

In *Vintilla,* the plaintiffs argued, much like Joseph, that the district court's denial of the government's motion to dismiss the case on statute of limitations grounds precluded the district court from later granting summary judgment to the government on this basis. *Vintilla,* 931 F.2d at 1445. The Eleventh Circuit affirmed the district court and found the plaintiffs' argument without merit because "the district court's denial of the government's initial motion to dismiss was not a final judgment." *Id.* at 1447. This Court likewise finds Joseph's argument regarding the law of the case doctrine incorrect and therefore unpersuasive.

### IV. CONCLUSION

For the reasons set forth above, the Court **denies** Joseph's Motion to Alter or Amend the Judgment [ECF No. 59].

**DONE AND ORDERED** in Chambers, at Miami, Florida, August 9th, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record